UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**ONEBEACON INSURANCE COMPANY,**

                     **Plaintiff,**          08-CV-0823A(Sr)

v.

**JOHN R. FREUNDSCHUH d/b/a BOBCAT
OF BUFFALO and KIRK SHERWOOD,**

                     **Defendants.**

---

## REPORT, RECOMMENDATION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #10.

Currently before the Court are the following motions, plaintiff OneBeacon Insurance Company's motion for judgment on the pleadings with respect to defendant John R. Freundschuh d/b/a Bobcat of Buffalo's Third Counterclaim (Dkt. #20) and defendant John R. Freundschuh d/b/a Bobcat of Buffalo's motion to amend its Third Counterclaim (Dkt. #23).[1] For the following reasons, it is recommended that plaintiff's

---

[1] The Court notes that also pending, but not yet fully before the Court, is plaintiff's motion for summary judgment (Dkt. #42). Defendant's response to plaintiff's motion for summary judgment is due by June 4, 2010 and plaintiff's reply, if any, is due by June 25, 2010. Dkt. #47. This Court's Report, Recommendation and Order with respect to plaintiff's motion for summary judgment will be addressed and filed separately.

motion for judgment on the pleadings dismissing the third counterclaim be granted and defendant's motion to amend be denied.

## FACTUAL BACKGROUND

**The Underlying Action**

In this action commenced on November 12, 2008, plaintiff OneBeacon Insurance Company (hereinafter "plaintiff" or "OneBeacon") seeks a declaration that it has no obligation to defend or indemnify defendant John R. Freundschuh d/b/a Bobcat of Buffalo (hereinafter "defendant" or "Freundschuh") for the matters alleged in the lawsuit, *Kirk Sherwood v. Bobcat Company, et al.*, Index No. I2008-9821, presently pending in New York State Supreme Court, Erie County ("the Underlying Action"). Dkt. #1. As alleged in the Complaint herein, the Underlying Action "arises out of Kirk Sherwood's alleged December 5, 2007 injury in which he lost his left arm while at work using a 2007 Bobcat MT52 Mini Track Loader together with a Bobcat 10 Auger Drive purchased from John R. Freundschuh d/b/a Bobcat of Buffalo." Dkt. #1, ¶ 11. More specifically, the Underlying Action alleges that by invoice dated February 5, 2007, Freundschuh sold and delivered a new 2007 Bobcat MT52 Mini Track Loader bearing Serial Number 528712525 together with a new Bobcat 10 Auger Drive bearing Serial Number 879903510 and two bits. Dkt. #1, ¶ 19. It is further alleged in the Underlying Action that on December 5, 2007, Kirk Sherwood was injured while engaged in the course and scope of his employment using the Loader and Auger for their intended purpose at 429 Virginia Street, Buffalo, New York. Kirk Sherwood suffered the loss of his left arm

above the elbow.  *Id*. at ¶ 20.  Although the accident alleged in the Underlying Action took place on December 5, 2007, OneBeacon maintains that it did not receive notice of the accident until it received a copy of the Summons and Complaint on September 25, 2008, more than nine (9) months after the date of the accident.  *Id*. at ¶ 22.

**The Policy**

OneBeacon issued Agripolicy QG QF53985-04 to Freundschuh for the period December 10, 2006 to December 10, 2007.   Once it received notice of the accident, OneBeacon alleges that it "advised [Freundschuh] that the failure of any insured and the injured claimant to provide notice to OneBeacon in accordance with the notice conditions precedent to coverage serves to vitiate coverage under the OneBeacon policy for this matter."  *Id*. at ¶ 23.  As will be discussed in greater detail below, notwithstanding these coverage issues, OneBeacon agreed to provide and has been providing Freundschuh with a defense in the Underlying Action subject to its right to seek a declaration of the parties' rights and obligations and to terminate the defense, provided OneBeacon succeeds in this declaratory judgment action.  *Id*. at ¶ 24.  By letter dated November 6, 2008, OneBeacon advised Freundschuh of its disclaimer of coverage, as well as the provision of a defense.  Specifically, OneBeacon's November 6, 2008 letter stated, in part,

> It is to be strictly understood that all defendants have been made fully aware by OneBeacon that there is a potential for conflicts of interest to arise which could preclude OneBeacon from providing you with a defense in this action. The Company [OneBeacon] proposed Dan Kohane, Esq. of Hurwitz & Fine, P.C., as counsel to represent you in this

> matter to be paid by OneBeacon until such time as
> OneBeacon obtains a declaration in its favor. However, in
> an effort to avoid any potential conflicts of interest, if you do
> not consent to the appointment of Mr. Kohane as your
> counsel, the Company will appoint independent counsel at
> its expense to represent you in this action. OneBeacon
> would pay the reasonable and customary fees up to a
> maximum of $150.00 per hour. If you do not agree to be
> represented by the law firm of Dan Kohane of Hurwitz &
> Fine, P.C., please advise and OneBeacon will propose
> alternate counsel and will consider any alternatives you may
> propose. OneBeacon will interpret your silence in this
> regard as agreement to Hurwitz & Fine's representation.

Dkt. #13-2, p.10.

By letter dated November 18, 2008, John R. Freundschuh, as President and Owner of Bobcat of Buffalo, advised OneBeacon of his acceptance of the representation proposed by OneBeacon in its November 6, 2008 letter. Dkt. #29-3. Indeed, the November 18, 2008 letter stated in its entirety, "I am in receipt of your letter dated November 6, 2008. I accept Dan Kohane, Esq. of Hurwitz & Fine, P.C. as counsel to represent John R. Freundschuh, Inc. dba Bobcat of Buffalo in the above mentioned claim, to be paid by One Beacon Insurance." *Id*.

**The Instant Action**

As noted above, the Complaint in this declaratory judgment action was filed on November 12, 2008 by OneBeacon against Freundschuh and Kirk Sherwood. Dkt. #1. Defendant Kirk Sherwood filed his Answer to the Complaint on December 30, 2008. Dkt. #7. On January 9, 2009, Freundschuh filed it Answer with Counterclaims. Dkt. #13. Specifically, Freundschuh alleged three counterclaims against OneBeacon.

The first counterclaim seeks monetary damages Freundschuh is allegedly being forced to incur in the form of "attorneys' fees, costs and other disbursements" in connection with the declaratory judgment action. *Id*. The second counterclaim seeks a declaration that OneBeacon is obligated to defend and indemnify Freundschuh in the Underlying Action. *Id*. And the third counterclaim alleges that OneBeacon's actions, *to wit*: "a purported denial of insurance coverage without properly advising Freundschuh of his rights to independent counsel at Plaintiff's expense" constitutes a deceptive business practice in violation of New York's General Business Law § 349. *Id*. Indeed, the third counterclaim states,

> 39. That Plaintiff issued a purported denial of insurance coverage without properly advising Freundschuh of his rights to independent counsel at the Plaintiff's expense.
>
> 40. That Plaintiff's actions constitute a deceptive business practice in violation of General Business Law 349.
>
> 41. As a result, Plaintiff is liable to Defendant Freundschuh for all defense costs of the Underlying Action described in Plaintiff's Complaint as well as all statutory damages, plus interest.

Dkt. #13, p.7.

On January 29, 2009, OneBeacon filed its Answer to Counterclaims and interposed several "affirmative defenses," including that the third counterclaim failed to state a cause of action for which relief could be granted. Dkt. #18[2], ¶ 27. Thereafter, on February 19, 2009, OneBeacon filed a motion for judgment on the pleadings seeking

---

[2] OneBeacon's Answer to Counterclaims was thereafter re-filed as Dkt. #19 to comply with certain electronic filing requirements.

the dismissal of the third counterclaim pursuant to Federal Rule of Civil Procedure 12(c) for failure to state a claim upon which relief can be granted. Dkt. #20. In support of its motion, OneBeacon states, in part,

> Bobcat of Buffalo has alleged in the Third Counterclaim that OneBeacon failed to advise the insured of the right to independent counsel, and that such alleged failure constitutes a violation of N.Y.Gen.Bus.Law § 349. However, not only does the November 6, 2008 letter establish the falsity of the factual underpinning alleged for this cause of action, but nothing in the Third Counterclaim or elsewhere in Bobcat of Buffalo's Answer with Counterclaims alleges a deceptive business practice directed to consumers generally, which is the necessary factual predicate for a violation of N.Y.Gen.Bus.Law § 349.

Dkt. #20-2, p.3. On March 6, 2009, Freundschuh filed a cross-motion to amend/correct the third counterclaim. Dkt. #23. Freundschuh's proposed amended third counterclaim states,

> 39. That Plaintiff issued a purported denial of insurance coverage without properly advising Freundschuh of his rights to independent counsel at the Plaintiff's expense.
>
> 40. That Plaintiff's letter regarding attorneys' fees is a standard form letter and regularly used by Plaintiff.
>
> 41. That Defendant Freundschuh is a consumer.
>
> 42. That Plaintiff's letter and actions are part of standard conduct directed at consumers.
>
> 43. That Plaintiff's conduct was misleading.
>
> 44. That by being misled, Defendant Freundschuh was damaged in, <u>inter alia</u>, not being properly informed of his right to independent counsel and at rates above Plaintiff's limitations.
>
> 45. That Plaintiff's actions constitute a deceptive business practice in violation of General Business Law § 349.

> 46. As a result, Plaintiff is liable to Defendant Freundschuh for all defense costs of the Underlying Action described in Plaintiff's Complaint as well as all statutory damages, plus interest.

Dkt. #23.

## DISCUSSION AND ANALYSIS

**Dismissal Standard**

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Courts faced with motions under Rule 12(c) apply the same standard used to decide motions brought under Rule 12(b)(6). *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir.2001). Accordingly, the Court accepts the material facts alleged in the third counterclaim as true and draws all reasonable inferences in favor of the defendant and against the plaintiff in that counterclaim. *See Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir.1998); *Cohen v. Koenig*, 25 F.3d 1168, 1171-72 (2d Cir.1994); *Atlantic Mutual Ins. Co. v. Balfour Maclaine Int'l Ltd.*, 968 F.2d 196, 198 (2d Cir.1992). However, legal conclusions, deductions or opinions couched as factual allegations are not given a presumption of truthfulness. *Albany Welfare Rights Organization Day Care Center, Inc. v. Schreck*, 463 F.2d 620 (2d Cir.1972), *cert. denied*, 410 U.S. 944 (1973).

The court is required to read the counterclaim broadly and with great latitude on a motion to dismiss. *Yoder v. Orthomolecular Nutr. Inst., Inc.*, 751 F.2d 555,

558 (2d Cir.1985). The court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir.1985). The complaint will be dismissed only if "it appears beyond doubt" that the plaintiff can prove no set of facts which would entitle her to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Gregory v. Daly*, 243 F.3d 687, 691 (2d Cir.2001). Stated another way, the Court must determine whether the plaintiff has stated any valid ground for relief in the complaint. *Ferran v. Town of Nassau*, 11 F.3d 21, 22 (2d Cir.1993), *cert. denied*, 513 U.S. 1014 (1994).

**Evidentiary Standard**

"In adjudicating a Rule 12(b)(6) [12(c)] motion, a district court must confine its consideration "to facts stated on the face of the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Israel Discount Bank of New York*, 199 F.3d 99, 107 (2d Cir. 1999); *see also Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 (2d Cir. 1991). "Where a plaintiff has relied on the terms and effect of a document in drafting the complaint and that document is thus integral to the complaint," the district court may consider the contents of the document "even if it is not formally incorporated by reference." *Broder v. Cablevision Systems Corp.*, 418 F.3d 187, 196 (2d Cir. 2005) (internal quotations omitted), *quoting Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002). "If

the documents referenced in the complaint contradict the facts alleged by the plaintiff, the documents control and the court need not accept as true the plaintiff's allegations." *Olin Corp. v. E.I. Dupont De Nemours and Corp.*, No. 05-CV-100S(Sc), 2006 WL 839415 (W.D.N.Y. March 27, 2006).

A district court may take judicial notice of documents filed in other courts to establish the fact of such litigation and related filings. *Kramer*, 937 F.2d at 774. A district court may also "take judicial notice of admissions in pleadings and other documents in the public record filed by a party in other judicial proceedings that contradict the party's factual assertions in a subsequent action." *Harris v. New York State Dep't of Health*, 202 F. Supp.2d 143, 173 n.13 (S.D.N.Y. 2002), *citing Kramer*, 937 F.2d at 774. In the matter of *Pandozy v. Robert J. Gumenick, P.C.*, for example, the district court granted a motion to dismiss a cause of action for attorney malpractice on statute of limitations grounds where plaintiff's second amended complaint alleged continuous representation, but prior complaints in that action and other actions, as well as documents authored by plaintiff, stated that plaintiff had terminated the attorney. No. 07 Civ. 1242, 2008 WL 2190151, at *3 (S.D.N.Y. May 23, 2008).

**Application of New York Law**

Where jurisdiction is based on diversity of citizenship of the parties, the Court must apply the substantive law of the forum state. "Federal courts sitting in diversity cases will, of course, apply the substantive law of the forum State on outcome

determinative issues." *Travelers Ins. Co. v. 633 Third Assocs.*, 14 F.3d 114, 119 (2d Cir. 1994), *citing Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938).

**General Business Law § 349 Claim**

New York's General Business Law § 349 prohibits deceptive and misleading business practices and New York courts have interpreted the scope of the statute to be very broad. *Wilner v. Allstate Ins., Co.*, 71 A.D.3d 155 (2d Dep't 2010), *citing*, *Karlin v. IVF Am., Inc.*, 93 N.Y.2d 282 (1999). Generally, with respect to matters pertaining to insurance, New York courts have determined that New York's General Business Law § 349 applies to coverage and rates (*see Gaidon v. Guardian Life Inc. Co. Of Am.*, 94 N.Y.2d 330 (1999), the provision of defense counsel (*see Elacqua v. Physicians' Reciprocal Insurers*, 52 A.D.3d 886 (3rd Dep't 2008), and claims procedures (*see Shebar v. Metropolitan Life Ins. Co.*, 25 A.D.3d 858 (3rd Dep't 2006). In order to state a claim under General Business Law § 349, "a plaintiff must allege that the defendant has engaged 'in an act or practice that is deceptive or misleading in a material way and that plaintiff has been injured by reason thereof.'" *Small v. Lorillard Tobacco Co., Inc.*, 94 N.Y.2d 43, 55 (1999). Stated another way, "a plaintiff must demonstrate (1) acts or practices that are 'consumer oriented'; (2) that such acts or practices are deceptive or misleading in a material way; and (3) that plaintiff has been injured by reason of those acts." *DePasquale v. Allstate Ins. Co.*, 179 F.Supp.2d 51, 58 (E.D.N.Y. 2002) (internal citations omitted). "In connection with the character of General Business Law § 349 as a broad consumer protection statute and the

requirements that the complained of conduct have a 'broad impact on consumers at large,' the statute does not apply to private contract disputes unique to the parties." *Wilner v. Allstate Ins., Co.*, 71 A.D.3d 155 (2d Dep't 2010).

In support of its motion to dismiss the third counterclaim and in opposition to Freundschuh's motion to amend the third counterclaim, OneBeacon first argues that the conduct complained of is not consumer-oriented and does not have a broad impact on consumers at large, but rather involves a private dispute between the parties. Dkt. #20, pp.5-6; Dkt. #29, pp.13-14. Relying on *Grand General Stores, Inc. v. Royal Indemnity Co.* and *Perfect Dental, PLLC v. Allstate Insurance Co.*, among others, OneBeacon argues that the allegations in the original third counterclaim, as well as the proposed amended third counterclaim are nothing more than conclusory statements or "general allegations consisting of catch phrases" and as such, the allegations fail to pass muster under Rule 12. *See Grand General Stores, Inc. v. Royal Indemnity Co.*, Nos. 93 Civ 3741 (CSH), 1994 WL 163973 (S.D.N.Y. Apr. 22, 1994); *Perfect Dental, PLLC v. Allstate Ins., Co.*, Nos. 04 CV 0586, 04 CV 0588, 2006 WL 2552171 (E.D.N.Y. Aug. 31, 2006).

Indeed, OneBeacon further argues that the only reference to consumers in Freundschuh's proposed amended third counterclaim, "[t]hat Plaintiff's letter and actions are part of a standard conduct directed at consumers," is nothing more than a vague generalization and is insufficient to state a claim under New York's General

Business Law § 349. The Court notes that Freundschuh also alleges that the letter regarding attorneys' fees is a standard form letter and is one regularly used by OneBeacon. In *USAlliance Federal Credit Union v. CUMIS Ins. Society, Inc.*, 346 F.Supp.2d 468 (S.D.N.Y.2004), the court determined that a vague generalization such as "[defendant's] treatment of [plaintiff] ... is not unique, but is part of a pattern of conduct that is aimed at the public generally" is insufficient to state a claim under New York's General Business Law § 349 and granted the insurer's motion to dismiss the claim because the allegations were "conclusory and do not include, with any specificity, the acts that form the basis of its claim under this section." *USAlliance*, 346 F.Supp.2d at 472. The court in *USAlliance* further reasoned that although the claimant need not meet the specificity requirements to state a claim for fraud under Rule 9 of the Federal Rules of Civil Procedure, "plaintiffs stating a claim under this provision must allege with some specificity the allegedly deceptive acts or practices that form the basis for the claim." *Id.* Here, the allegations in Freundschuh's proposed amended third counterclaim are vague, conclusory and speculative and as such, fail to pass muster under Rule 12 of the Federal Rules of Civil Procedure. *See Grand General Stores, Inc. v. Royal Indemnity Co.*, Nos. 93 Civ 3741 (CSH), 1994 WL 163973 (S.D.N.Y. Apr. 22, 1994); *Perfect Dental, PLLC v. Allstate Ins., Co.*, Nos. 04 CV 0586, 04 CV 0588, 2006 WL 2552171 (E.D.N.Y. Aug. 31, 2006).

In addition to OneBeacon's assertion that Freundschuh has not and cannot plead the "consumer-oriented" element of a General Business Law § 349 claim,

OneBeacon argues that Freundschuh's proposed amended third counterclaim does not and cannot establish an individualized injury. The record before this Court conclusively establishes that notwithstanding OneBeacon's denial of coverage and the pendency of this declaratory judgment action concerning coverage, since the inception of the Underlying Action, Freundschuh has been represented by Hurwitz & Fine, P.C. at OneBeacon's expense. Indeed, Freundschuh, as the President and Owner of Bobcat of Buffalo, accepted OneBeacon's offer of Hurwitz & Fine's representation by letter dated November 18, 2008. Neither in its proposed amended third counterclaim nor in its memorandum of law in support of its motion to amend does Freundschuh allege any dissatisfaction with Hurwitz & Fine's representation. Moreover, although in its proposed amended third counterclaim, Freundschuh alleges that OneBeacon is liable for all defense costs of the Underlying Action, the Court is presently unaware of any defense costs incurred by Freundschuh because, as stated above, the cost of Hurwitz & Fine's representation has been borne entirely by OneBeacon.

In its proposed amended third counterclaim, Freundschuh states "[t]hat by being misled, Defendant Freundschuh was damaged in, inter alia, not being properly informed of his right to independent counsel and at rates above Plaintiff's limitations." Dkt. #23-2, ¶ 44. Contrary to Freundschuh's proposed amended allegation, the documentary evidence clearly establishes that he was informed of his right to independent counsel. With respect to that portion of Freundschuh's allegation that relates to a right to independent counsel at rates above Plaintiff's limitations, *to wit*, $150 per hour, assuming *arguendo* that Freundschuh had a right to be so informed,

there is nothing before this Court to suggest that the failure of OneBeacon to so inform Freundschuh resulted in any actual injury. Indeed, by letter dated November 18, 2008, Freundschuh accepted OneBeacon's recommendation of Hurwitz & Fine and further, the record is devoid of any suggestion that Freundschuh is dissatisfied with Hurwitz & Fine or that Freundschuh sought to retain independent counsel at a rate above $150 per hour. Thus, the proposed amended third counterclaim fails to allege that Freundschuh has suffered any actual injury as a result of OneBeacon's acts. *See Small v. Lorillard Tobacco Co.*, 94 N.Y.2d 43 (1999); *DePasquale v. Allstate Ins. Co.*, 179 F.Supp.2d 51, 58 (E.D.N.Y. 2002).

Accordingly, for the foregoing reasons, this Court recommends that One Beacon Insurance Company's motion for judgment on the pleadings dismissing the original third counterclaim (Dkt. #20) be granted and John R. Freundschuh d/b/a Bobcat of Buffalo's motion to amend/correct the third counterclaim (Dkt. #23) be denied.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this

Report, Recommendation and Order in accordance with the above statute, Fed.R.Crim.P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Report,**

**Recommendation and Order), may result in the District Judge's refusal to consider the objection.**


DATED:     Buffalo, New York
               May 21, 2010


                                          **s/ H. Kenneth Schroeder, Jr.**
                                          **H. KENNETH SCHROEDER, JR.**
                                          **United States Magistrate Judge**