UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ONE BEACON INSURANCE COMPANY,

                    Plaintiff,

          -vs-                                                    08-CV-823

JOHN R. FREUNDSCHUH d/b/a BOBCAT
OF BUFFALO and KIRK SHERWOOD,

                    Defendants.

_____

          By order entered            , 2001 (Item    ), this matter has been reassigned to the

undersigned for all further proceedings.

          In this diversity action, plaintiff OneBeacon Insurance Company seeks declaratory

judgment to determine the rights and obligations of the parties under an insurance policy

issued to defendant John R. Freundschuh d/b/a Bobcat of Buffalo, in connection with the

matters alleged in *Kirk Sherwood v. Bobcat Company, et al.*, Index No. I2008-9821, a

personal injury lawsuit presently pending in New York State Supreme Court, Erie County

("the Underlying Action"). *See* Item #1. Plaintiff has moved for summary judgment (Item

42) pursuant to Rule 56 of the Federal Rules of Civil Procedure, seeking the court's

determination as a matter of law that OneBeacon has no obligation to defend and

indemnify defendant in the Underlying Action, based on defendant's failure to comply with

the policy's requirement to provide timely notice of occurrence as a condition precedent to

coverage.

          For the reasons that follow, plaintiff's motion is granted.

## BACKGROUND

The insurance policy at issue is "Agripolicy QGQF53985-04," in effect for the period December 10, 2006 to December 10, 2007 (the "Policy"). Item 45, Ex. A. The Policy has several coverage parts, including (as pertinent here) "Agri-Commercial General Liability Coverage," which contains the following notice provision:

**2.    Duties In The Event of Occurrence, Offense, Claim Or Suit**

    a.    You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim.  To the extent possible, notice should include:

        (1)    How, when and where the "occurrence" or offense took place;

        (2)    The names and addresses of any injured persons and witnesses; and

        (3)    The nature and location of any injury or damage arising out of the "occurrence" or offense.

    b.    If a claim is made or "suit" is brought against any insured, you must:

        (1)    Immediately record the specifics of the claim or "suit" and the date received; and

        (2)    Notify us as soon as practicable.

    You must see to it that we receive written notice of the claim or "suit"  as soon as practicable.

Item 45-5 at 9.   The Policy also provides "Agri-Umbrella Liability Coverage," with substantially similar notice language.  *See* Item 45-6 at 18.

The Underlying Action was filed by Kirk Sherwood in state court on August 26, 2008, seeking compensatory and punitive damages against defendant and others based on causes of action for negligence, products liability, breach of warranty, strict liability, and recklessness.  *See* Item 45-7.  Mr. Sherwood claims that on December 5, 2007, he suffered severe bodily injuries–including loss of his left arm–while engaged in work in the

course of his employment using a Bobcat MT52 Mini Track Loader and a Bobcat 10 Auger Drive purchased from defendant in February 2007. *Id.*

On September 24, 2008, Agri Business Brokerage Corp. (defendant's insurance broker) sent plaintiff a "General Liability Notice of Occurrence/Claim" form indicating that the insured, John R. Freundschuh Inc., had been served with process in the Underlying Action on September 16, 2008, and sought coverage under the Policy. *See* Item 45-10. The notice indicated both the date of occurrence and the date of claim as December 5, 2007, when Mr. Sherwood was injured while operating the Bobcat Mini Loader and Auger purchased from defendant. *Id.* By letter to Mr. Freundschuh dated September 25, 2008, plaintiff acknowledged receipt of the notice, indicating the "Date of Loss" as December 5, 2007. Item 45-8.

On October 30, 2008, counsel for OneBeacon took the examinations under oath of Mr. Freundschuh, his son Timothy Freundchuh,[1] and Benjamin Krentz, the Bobcat of Buffalo salesman who sold the equipment involved in the incident. Mr. Freundschuh testified that within a day or two of the incident in December 2007, a customer came into the Bobcat of Buffalo store and told Mr. Freundschuh that he had seen a television report about the incident. *See* Item 45-9 at 11-12. Mr Krentz testified that he visited Kirk Sherwood in the hospital soon after the incident, and that he subsequently told other Bobcat of Buffalo employees about his visit. Item 45-11 at 4-5. Timothy Freundschuh testified that a lawyer representing Mr. Sherwood came into the store in late spring or early

---

[1]At the time, Timothy Freundschuh was a Bobcat of Buffalo employee. According to his declaration dated June 4, 2010 submitted in opposition to plaintiff's motion for summary judgment, Timothy took over as President of Bobcat of Buffalo when John R. Freundschuh passed away. Item 52, ¶ 1.

summer of 2008 and advised employees that Bobcat of Buffalo was going to be sued.

Item 45-12 at 23-24.

On November 6, 2008, plaintiff sent defendant a letter disclaiming coverage for the

Underlying Action, advising that:

> [T]he accident at issue is alleged to have occurred on December 5, 2007.
> OneBeacon did not receive notice of this accident until it received a copy of
> the summons and complaint in the underlying litigation on September 25,
> 2008, more than nine (9) months after the date of the accident.  The failure
> of any insured and the injured claimant to provide notice to OneBeacon in
> accordance with the notice conditions precedent to coverage serves to vitiate
> coverage under the OneBeacon policy for this matter.

Item 45-14 at 11.  The letter also advised that, notwithstanding its disclaimer of coverage,

OneBeacon was willing to pay for the defense in the Underlying Action, to be provided by

independent legal counsel, subject to the right to seek a declaration of the parties' rights

and obligations in this declaratory judgment action, "and upon obtaining a declaration in

its favor, to withdraw from and cease paying such defense costs."  *Id.* at 3.  By letter dated

November 18, 2008, John R. Freundschuh (as President and Owner of Bobcat of Buffalo),

advised OneBeacon of his acceptance of the offer of defense and legal representation

proposed by OneBeacon in its November 6, 2008 letter.  Item 29-3.

Meanwhile, plaintiff commenced this action on November 12, 2008, seeking a

declaratory judgment that: (1) OneBeacon is not obligated to defend or indemnify

defendant in the Underlying Action because defendant failed to provide timely notice of the

occurrence in accordance with the provisions of the Policy; and (2) OneBeacon is entitled

to recoup the costs incurred thus far in providing a defense in the Underlying Action.[2]  *See*

Item 1.   Defendant answered the complaint and asserted counterclaims against

OneBeacon for breach of the insurance contract and for a declaration of rights and

obligations in favor of coverage.[3]  *See* Item 13.

On May 20, 2009, during discovery in this action, plaintiff took the depositions of

John Freundschuh and Benjamin Krentz.  Mr. Freundschuh testified that some time in early

2008, a private investigator named David Hammond came to the Bobcat of Buffalo office

and dropped off his business card, along with a list of questions (dated February 14, 2008)

primarily addressed to the operational safety aspects of the "skid steer" and "auger

attachment" involved in "the Kirk Sherwood incident , , , ,"  Item 45-19.  Mr. Freundschuh's

secretary attached Mr. Hammond's business card to a copy of the paid invoice for the

equipment, along with a handwritten note indicating that Mr. Hammond "came in on

2/18/08" to talk to Mr. Freundschuh, who was apparently unavailable on that day.  Item 45-

20.  The secretary's note also indicated that Mr. Hammond was "hired by [attorneys] for

Kirk Sherwood, who lost his arm using this machine."  *Id.*  Mr. Freundschuh testified that

---

[2]OneBeacon also seeks a declaration that Kirk Sherwood, named as a "required" party defendant pursuant to Fed. R. Civ. P. 19(a), has no independent rights under the Policy issued to John R. Freundschuh d/b/a Bobcat of Buffalo.  The parties have not addressed this aspect of the relief sought by plaintiff, nor have they submitted any authority with respect to Mr. Sherwood's party status under the requirements of Rule 19(a).  However, because entry of declaratory judgment in favor of OneBeacon herein provides the full measure of relief sought in the complaint, the court views Mr. Sherwood's status as a party to this action as a non-issue.  *Cf. U.S. Underwriters Ins. Co. v. Landau*, 679 F. Supp. 2d 330, 338 (E.D.N.Y. 2010) (court's declaratory judgment of non-coverage for tortfeasor is binding on tort claimant in underlying action irrespective of party status in the declaratory action).

[3]Defendant also asserted a counterclaim for deceptive business practice in violation of New York General Business Law § 349, based on plaintiff's alleged failure to advise the insured of the right to independent counsel.  By order entered August 5, 2010, Hon. Richard J. Arcara granted OneBeacon's motion to dismiss this claim pursuant to Fed. R. Civ. P. 12, adopting the Report and Recommendation of Magistrate Judge H. Kenneth Schroeder.  *See* Items 49 and 57.

he sent the list of questions to "Bobcat corporate" since he believed that "this was a Bobcat issue . . . . " Item 45-18 at 12. Mr. Freundschuh testified that Bobcat corporate then sent the list back with instructions on how to respond to the questions. Mr. Freundschuh did meet and speak with Mr. Hammond when Hammond returned to the office later in February 2008 to retrieve the completed list of questions. Mr. Hammond asked about the completeness of the responses, and Mr. Freundschuh "told him that he'd have to go to Bobcat corporate" for any further information. *Id.* at 14.

Mr. Krentz testified at his deposition that he became aware of the injury to Kirk Sherwood within a day or two of the accident, and that he discussed the matter with Mr. Freundschuh soon thereafter. Item 45-21 at 21. He testified at further length about his hospital room visit with Mr. Sherwood a day or two after of the accident, which he also discussed with Mr. Freundschuh and other Bobcat of Buffalo employees. *Id.* at 23-25. He testified that Mr. Sherwood told him during the visit "that it was a stupid act on his part." Item 51-5 at 9.

Based on this evidence, plaintiff moves for summary judgment in its favor on the ground that the notice of occurrence provided to OneBeacon by way of the "General Liability Notice of Occurrence/Claim" form transmitted by defendant's broker on September 24, 2008–nearly nine months after the occurrence for which coverage is sought–constitutes failure to comply with the requirement in the insurance policy to provide notice "as soon as practicable," as a matter of law. Defendant responds that the delay in providing notice of occurrence should be excused because John R. Freundschuh had a good faith belief that there was absolutely no basis in law or fact for Bobcat of Buffalo to be found liable for the injury to Mr. Sherwood.

For the reasons that follow, plaintiff's motion is granted.

**DISCUSSION**

I.     **Summary Judgment**

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Although the language of this Rule has been amended in recent years, the well-settled standards for considering a motion for summary judgment remain unchanged. *See, e.g., Faulkner v. Arista Records LLC*, ___F. Supp. 2d___, ___, 2011 WL 2135082, at *8 n. 7 (S.D.N.Y. May 26, 2011); Fed. R. Civ. P. 56, Committee's notes to 2010 amendments.  Under those standards, the moving party bears the initial burden of establishing that no genuine issue of material fact exists. *Rockland Exposition, Inc. v. Great American Assur. Co.*, 746 F. Supp. 2d 528, 532 (S.D.N.Y. 2010).  A "genuine issue" exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A fact is "material" if it "might affect the outcome of the suit under the governing law . . . ." *Id.*

Once the court determines that the moving party has met its burden, the burden shifts to the opposing party to "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks and citation omitted).  The nonmoving party may not rest upon mere conclusory allegations or denials, but must set forth "concrete particulars showing that a trial is needed . . . ." *R.G. Group, Inc. v. Horn & Hardart Co.*, 751 F.2d 69,

77 (2d Cir. 1984) (internal quotation marks and citation omitted), *quoted in Kaminski v. Anderson*, ___F. Supp. 2d___, ___, 2011 WL 2117564, at *4 (W.D.N.Y. May 27, 2011). In considering whether these respective burdens have been met, the court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 122 (2d Cir. 2004) (internal quotation marks and citation omitted).

In this case, plaintiff contends that it is entitled to summary judgment in its favor as a matter of law on its claim for a declaration of non-coverage under the Policy because the undisputed facts establish that defendant failed to notify OneBeacon of the occurrence giving rise to the claim in the Underlying Action until nearly nine months after the accident, in violation of the condition precedent to coverage requiring the insured to provide notice of the occurrence "as soon as practicable." Accordingly, to determine whether plaintiff has satisfied its summary judgment burden, the court turns the standards for providing timely notice of occurrence under New York law, which the parties agree applies to the legal issues raised in this diversity action.

## II.    Notice of Occurrence

In New York, "compliance with a notice-of-occurrence provision in an insurance policy is a condition precedent to an insurer's liability under the policy." *Commercial Union Ins. v. Int'l Flavors & Fragrances*, 822 F.2d 267, 271 (2d Cir. 1987) (citing *Security Mut. Ins. Co. v. Acker-Fitzsimons Corp.*, 31 N.Y.2d 436, 440 (1972)); *see also Nouveau Elevator Indus., Inc. v. Cont'l Cas. Ins. Co.*, 2006 WL 1720429, at *3 (E.D.N.Y. June 21, 2006)

(insured's failure to comply with policy's notice provision violates condition precedent to coverage and relieves insurer of obligation to defend or indemnify). Therefore, late notice of occurrence is a complete defense to coverage regardless of whether the insurance company was prejudiced by the delay.[4]  *See Utica Mut. Ins. v. Fireman's Fund Ins. Cos.,* 748 F.2d 118, 121 (2d Cir. 1984) (citing *Security Mut. Ins. Co.,* 31 N.Y.2d at 440); *see also Colon v. U.S. Liability Ins. Group,* 2009 WL 2413646, at *2 (E.D.N.Y. Aug. 6, 2009). "New York courts have held that the question whether notice was given within a reasonable time may be determined as a question of law when (1) the facts bearing on the delay in providing notice are not in dispute and (2) the insured has not offered a valid excuse for the delay." *New York v. Blank,* 27 F.3d 783, 795 (2d Cir. 1994) (citing *Gresham v. Am. Gen. Life Ins. Co.,* 523 N.Y.S.2d 282, 282 (App. Div. 1987) ("While ordinarily it is a question of fact whether an insured gave timely notice of loss, summary judgment is warranted where the insured has not offered a credible excuse for the delay in notification and where the underlying facts are not in dispute ....").

In evaluating whether the insured failed to give timely notice of occurrence so as to relieve  the insurer of its obligations under an insurance policy, courts generally consider the following two questions: (1) when the insured's obligation to give notice accrued; and (2) whether the insured did in fact provide timely notice. *See Olin Corp. v. Ins. Co. of North America,* 743 F. Supp. 1044, 1053 (S.D.N.Y. 1990), *aff'd,* 929 F.2d 62 (2d Cir. 1991). With

---

[4]On July 17, 2008, New York amended its insurance law to require that every policy issued or delivered in the state "against liability for injury to person ..." contain a "provision that failure to give any notice required to be given by such policy within the time prescribed therein shall not invalidate any claim made by the insured, injured person or any other claimant, unless the failure to provide timely notice has prejudiced the insurer . . . ." N.Y. Ins. Law § 3420(a)(5).  However, this amendment only applies to policies issued on or after January 17, 2009. *See Rockland Exposition, Inc. v. Great American Assur. Co.,* 746 F. Supp. 2d 528, 533 n. 6 (S.D.N.Y. 2010).

respect to the first question, "[c]ourts have consistently held that the obligation to provide notice accrues when 'the circumstances known to the insured at that time would have suggested to a reasonable person the possibility of a claim.'" *Id.* (quoting *Commercial Union Ins.*, 822 F.2d at 272). "New York law applies an objective test, asking what the insured's officers 'reasonably could or should have concluded.'" *Id.* (quoting *Utica Mutual*, 748 F.2d at 122).

In this case, the undisputed facts presented by way of the sworn testimony of officers and employees of Bobcat of Buffalo establish that the circumstances known to the insured within a day or two of the December 5, 2007 injury to Kirk Sherwood could reasonably have suggested the possibility of an occurrence giving rise to a potential claim for coverage under the Policy.  As discussed above, Mr. Krentz, the Bobcat of Buffalo salesman who sold the loader and auger equipment used by Mr. Sherwood, went to visit him in the hospital almost immediately after the incident, and promptly reported the circumstances of this visit to Mr. Freundschuh and other fellow employees.  At the very latest, and viewing the evidence in the light most favorable to defendant, the totality of the circumstances known to the insured by mid-February 2008–when the private investigator hired by Kirk Sherwood's attorneys visited Bobcat of Buffalo seeking information about the equipment involved in the incident–reasonably could or should have suggested the accrual of the obligation to give notice of an occurrence likely to result in a claim.

With respect to the question whether the notice was timely, the undisputed facts in this case establish that notice of the occurrence was not provided to OneBeacon until September 25, 2008.  Where, as here, a liability insurance policy requires that notice of an occurrence be given "as soon as practicable," the insured must provide notice to the carrier

-10-

"within a reasonable period of time." *Tower Ins. Co. of N.Y. v. Lin Hsin Long Co.*, 855 N.Y.S.2d 75, 78 (App. Div. 2008). Even giving the insured every benefit of the doubt, and using February 18, 2008 (the day on which the evidence indicates Mr. Hammond first visited Bobcat of Buffalo and dropped off the questionnaire) as the date on which the obligation to give notice accrued, an unexcused delay of seven months is untimely as a matter of law. *Cambridge Realty Co., LLC v. St. Paul Fire & Marine Ins. Co.*, 2011 WL 1667075, at *4 (2d Cir. May 4, 2011) (unexcused delay of over three months between insured's recognition of possible liability and insurer's receipt of notice was unreasonable under the circumstances; citing *Eagle Ins. Co. v. Zuckerman*, 753 N.Y.S.2d 128, 129 (App. Div. 2003)); *see also Blank*, 27 F.3d at 796 (delays in notice of occurrence or claim "as short as 29 days have been found unreasonable" under New York law (collecting cases)).

Indeed, defendant does not seriously dispute that the notice given to OneBeacon on September 25, 2008, constituted untimely notice of occurrence under the terms of the Policy. Rather, defendant argues that the seven- (or nine-) month delay in giving notice should be excused in this case because Mr. Freundschuh had a good-faith belief that there was no basis for Bobcat of Buffalo to be found liable for Mr. Sherwood's injury. As recognized by the New York Court of Appeals:

> [T]here may be circumstances that excuse a failure to give timely notice, such as where the insured has "a good-faith belief of nonliability," provided that belief is reasonable. But we have further explained that "the insured's belief must be reasonable under all the circumstances, and it may be relevant on the issue of reasonableness, whether and to what extent, the insured has inquired into the circumstances of the accident or occurrence." Additionally, the insured bears the burden of establishing the reasonableness of the proffered excuse.

*Great Canal Realty Corp. v. Seneca Insurance Co.*, 5 N.Y.3d 742, 743-44 (2005) (*quoting Security Mut. Ins. Co.*, 31 N.Y.2d at 441); *see also White v. City of New York*, 81 N.Y.2d 955, 958 (1993) (stating that, "where a reasonable person could envision liability, that person has a duty to make some inquiry").

Where, as here, the policy requires prompt notice of an "occurrence" that "may result in a claim," the issue is not "whether the insured believes he will ultimately be found liable for the injury, but whether he has a reasonable basis for a belief that no claim will be asserted against him." *SSBSS Realty Corp. v. Public Serv. Mut. Ins. Co.*, 677 N.Y.S.2d 136, 138 (App. Div. 1998) (citing cases). In determining this issue, "the court should consider, *inter alia*, whether the insured failed to make an adequate inquiry into the injured party's condition to determine its seriousness, and whether the insured failed to make a 'deliberate determination' in evaluating potential liability." *Philadelphia Indem. Ins. Co. v Genesee Val. Improvement Corp.*, 834 N.Y.S.2d 802, 804 (App. Div. 2007) (quoting *Long Is. Light. Co. v Allianz Underwriters Ins. Co.*, 805 N.Y.S.2d 74, 75 (App. Div. 2005), *leave to appeal dismissed*, 6 N.Y.3d 844 (2006); other citations omitted). Ultimately, the reasonableness determination turns on whether an "ordinary prudent person could have reasonably believed himself to be immune from potential civil liability under the circumstances." *Zadrima v PSM Ins. Cos.*, 616 N.Y.S.2d 817, 818 (App. Div. 1994), *leave to appeal denied*, 85 N.Y.2d 807 1995).

Defendant contends that, prior to being served with process in the Underlying Action, it was reasonable to believe that there could be no legal basis for Kirk Sherwood to bring a personal injury claim against Bobcat of Buffalo simply by virtue of its sale of the

loader and auger equipment that eventually came to be involved in the accident. According to defendant, this belief was based on Mr. Freundschuh's assumption, due to his lack of sophistication with respect to complex legal theories and insurance coverage matters, that any liability arising out of the use or condition of the equipment it sold was a "Bobcat corporate" issue, as well as his reliance on Mr. Sherwood's admission that the accident was caused by his own "stupid act."

However, the undisputed facts in the record establish that, within a day or two of the occurrence in December 2007, Mr. Freundschuh was fully aware that Mr. Sherwood was severely injured while using equipment purchased from Bobcat of Buffalo. Then, in February 2008, the private investigator hired by Mr. Sherwood's attorneys visited Bobcat of Buffalo seeking information regarding the operational safety of the loading and excavating machinery involved in the accident. Following this visit, the totality of the known circumstances should have caused an ordinary prudent person in Mr. Freundschuh's position to envision that Mr. Sherwood's lawyers might be contemplating a lawsuit for damages arising out of the December 2007 occurrence. At the very least, at that point Mr. Freundschuh had sufficient information to make some inquiry into the circumstances of the potential claim in order to determine the reasonableness of his belief that his company was immune from civil liability. The court's review of the record presented in connection with plaintiff's motion for summary judgment reveals no evidence to suggest that any such inquiry took place.

Based on this review, the court concludes that defendant has failed to meet its burden of establishing the reasonableness of its belief in nonliability, and there is no view of the circumstances which would warrant a finding by a reasonable jury that defendant's

-13-

failure to give timely notice of the occurrence was excusable. Accordingly, plaintiff is entitled to judgment in its favor as a matter of law on its claim for a declaration of non-coverage under the Policy.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for summary judgment (Item 42) is granted. The court finds that OneBeacon is entitled to a judgment in its favor as a matter of law declaring that OneBeacon has no duty to provide a defense or to indemnify defendant John R. Freundschuh d/b/a Bobcat of Buffalo with respect to the Underlying Action, *Kirk Sherwood v. Bobcat Company, et al.*, Index No. I2008-9821, pending in New York State Supreme Court, Erie County, and that OneBeacon is entitled to recoup reasonable defense costs incurred in the Underlying Action to date.

The parties to this declaratory action shall bear their own costs.

The Clerk of the Court is directed to enter judgment in favor of plaintiff, and to close the case.

So ordered.

JOHN T. CURTIN
United States District Judge

Dated: August  // , 2011
p:\pending\2008\08-823.aug9.2011

-14-